UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

DONALD LEE NEWHOUSE,

              Petitioner,              Case No. 1:12-cv-20

v.                                          Honorable Robert Holmes Bell

CAROL HOWES,

              Respondent.
_____/

## REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d).  *Day v. McDonough,* 547 U.S. 198, 209 (2006).  After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I. Factual Allegations

Petitioner is incarcerated in the Lakeland Correctional Facility. He pleaded guilty in the St. Joseph County Circuit Court to assault with intent to do great bodily harm, MICH. COMP. LAWS § 750.84; and attempted jail escape, MICH. COMP. LAWS § 750.197(2)(A). On December 3, 1996, the trial court sentenced him as a third habitual offender to concurrent prison terms of 160 months to 20 years for the assault conviction and 32 months to 4 years for the attempted escape conviction, to be served consecutive to his previous convictions for first-degree home invasion. Petitioner did not seek a direct appeal of his conviction.

On March 21, 2010, more than thirteen years after the judgment of sentence was imposed, Petitioner filed a motion for relief from judgment in the St. Joseph County Circuit Court. The trial court denied his motion on August 25, 2010. The Michigan Court of Appeals and the Michigan Supreme Court denied Petitioner's applications for leave to appeal on November 19, 2010 and June 28, 2011, respectively.

Petitioner now raises the following grounds for habeas corpus relief:

I. WHETHER PETITIONER'S CONVICTION AND SENTENCES SHOULD BE VACATED WHERE IT WAS ERROR AND AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO ACCEPT DEFENDANT'S PLEA OF GUILTY WHERE THE PLEA PROCEEDINGS LACKED SUFFICIENT AND SUBSTANTIAL FACTUAL BASIS ON A MAJOR ELEMENT OF INTENT AND WHERE DEFENDANT'S PLEA WAS INVALID, INVOLUNTARY, AND LACKING IN UNDERSTANDING BECAUSE OF INAPPROPRIATE PLEA PROCEDURES VIOLATING MCL 768.35 AND MCR 6.302(a) & (D)(1); WHICH IN TURN VIOLATED DEFENDANT'S RIGHTS AND THE CONSTITUTIONAL PROTECTIONS OF DUE PROCESS OF LAW UNDER THE U.S. CONST., AM. XIV AND MI CONST. 1963, ART. 1, §17?

    II.    WHETHER PETITIONER'S JUDGMENT OF CONVICTION AND SENTENCE SHOULD BE VACATED WHERE IT WAS ERROR AND AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO ACCEPT DEFENDANT'S PLEA OF GUILTY TO HABITUAL OFFENDER, THIRD DEGREE, WHEN THE COURT LACKED THE JURISDICTION TO ENHANCE HIS SENTENCES ON INVALID PRIOR CONVICTIONS; WHERE THE PRIOR CONVICTIONS WERE THE RESULT OF ONE INCIDENT/TRANSACTION; AND WHERE NOTICE OF INTENT TO FILE HABITUAL OFFENDER CHARGE VIOLATED DEFENDANT'S DUE PROCESS PROTECTIONS UNDER BOTH THE U.S. CONST., AM. XIV, AND MI CONST. 1963, ART. 1, §17?

    III.    WHETHER PETITIONER'S JUDGMENT OF CONVICTION AND SENTENCES SHOULD BE VACATED WHERE, AS A RESULT OF INEFFECTIVE ASSISTANCE OF COUNSEL, WHICH CONSTITUTED CONSTRUCTIVE DENIAL OF PETITIONER'S RIGHT TO COUNSEL FOR HIS DEFENSE, A FAIR TRIAL, AND DUE PROCESS OF LAW GUARANTEED BY THE U.S. CONST. AM. VI, AND MI CONST. 1963, ART. 1, §20, PETITIONER PLED GUILTY TO ASSAULT WITH INTENT TO COMMIT GREAT BODILY HARM LESS THAN MURDER, ATTEMPTED JAIL ESCAPE, AND HABITUAL OFFENDER IN THE THIRD DEGREE, UNKNOWINGLY, INVOLUNTARILY, AND UNINTELLIGENTLY?

    II.    <u>Statute of Limitations</u>

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[1] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner was sentenced on December 3, 1996. He did not file a direct appeal of his conviction in the Michigan Court of Appeals. Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*") (emphasis added). Petitioner had one year, until December 3, 1997, in which to file a delayed application for leave to

appeal in the Michigan Court of Appeals. *See* MICH. CT. R. 7.205(F)(3). Because Petitioner failed to file a timely appeal in the Michigan Court of Appeals, his conviction became final when his time for seeking review in that court expired. *See Gonzalez v. Thaler*, ___ S. Ct. ___, 2012 WL 43513, at *9 (Jan. 10, 2012) (holding that, where the petitioner failed to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking review in that court expires). Without the benefit of tolling, Petitioner had one year from December 3, 1997, or until December 3, 1998, to file his habeas petition.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period or restart the clock; it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d 490). Because Petitioner's one-year period expired in 1998, his collateral motion filed in 2010 cannot serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen*, 366 F.3d at 401. The Sixth Circuit repeatedly has cautioned that equitable tolling should be

applied "sparingly" by this Court. *See, e.g., Hall v. Warden*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence v. Florida*, 549 U.S. 327, 335 (2007); *Hall*, 662 F.3d at 749; *Akrawi*, 572 F.3d at 260.

Petitioner seeks equitable tolling of the statute of limitations in this case. He claims that following his sentencing for these offenses, his mental health spiraled downward. Petitioner allegedly suffered from severe depression and attempted to hang himself on May 10, 1998. Petitioner was transferred to the Huron Valley complex for psychiatric treatment. Plaintiff maintains that he was incapable to pursuing a criminal appeal until he was returned to the general population in 2002. In 2002, Petitioner's family attempted to retain "University Legal Services" to assist him with a motion for relief from judgment. However, after Petitioner's family remitted $1500.00 to the agency, they learned it was a fraudulent enterprise. The following year, Petitioner's family retained attorney James Bauhof, who reviewed Petitioner's court files and records and informed them that he could not find any appealable issues. In 2004, Petitioner family retained a second lawyer, Laura Sutton, who also concluded that there were no appealable issues. After another six years, in 2010, Petitioner filed a motion for relief from judgment with the assistance of a prisoner trained as a certified paralegal.

The Sixth Circuit has held that mental incompetence can be an extraordinary circumstance within the meaning of *Holland*, 130 S. Ct. at 2560; *Ata v. Scutt*, 662 F. 3d 736, 741

(6th Cir. 2011). In order for mental incompetence to toll the statute of limitations, a petitioner must demonstrate that (1) he is mentally incompetent, and (2) his incompetence caused his failure to comply with the AEDPA statute of limitations. *Id.* Even if the Court were to assume that Petitioner was mentally incompetent for a period of time for a period of time following his conviction such that the statute of limitations was tolled until he was returned to the general population in 2002, Petitioner fails to allege or show that some extraordinary circumstance stood in his way of pursuing his claims over the next eight years. After attorneys retained by Petitioner's family in 2003 and 2004 determined that there were no appealable claims, Petitioner waited another six years before filing a *pro se* motion for relief from judgment. Petitioner fails to allege what efforts he made to pursue his claims during that time. In light of his significant delay in seeking post-conviction relief, I cannot find that Petitioner diligently pursued his claims.

Petitioner also asserts that the Court should grant him equitable tolling because he is actually innocent of the offenses for which he was convicted. A habeas petitioner who demonstrates a credible claim of actual innocence based on new evidence may, in exceptional circumstances, be entitled to equitable tolling of habeas limitations. *See McCray v. Vasbinder,* 499 F.3d 568, 577 (6th Cir. 2007); *Souter v. Jones*, 395 F.3d 577, 597-98 (6th Cir. 2005). To support a claim of actual innocence, a petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. *Shlup v. Delo*, 513 U.S. 298, 327 (1995); *Souter*, 395 F.3d at 590, 598-99; *Allen*, 366 F.3d at 405. A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual

innocence means "factual innocence, not mere legal insufficiency." *Souter*, 395 F.3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). A petitioner "must produce evidence of innocence so strong that the court can not have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Allen*, 366 F.3d at 405 (internal quotations and citations omitted).

A habeas petitioner may claim actual innocence for purposes of equitable tolling of the statute of limitations even if his conviction was the result of a guilty plea. *Bousley*, 523 U.S. at 623; *Connolly v. Howes*, 304 F. App'x. 412, 417 (6th Cir. 2008). Nevertheless, Petitioner falls far short of establishing a claim of actual innocence for purposes of equitable tolling. Petitioner openly admits in the petition to assaulting a female guard and attempting to escape from jail while awaiting trial on unrelated felony charges. Petitioner contends that he lacked the specific intent to support a conviction for the offense of assault with intent to commit great bodily harm due to his young age, lack of education, ADHD and conduct disorders, etc. However, such allegations challenge the legal sufficiency of his conviction; they do not support a finding of factual innocence. Furthermore, Petitioner has failed to offer "new reliable evidence" that is "so strong that a court cannot have confidence in the outcome" of his guilty plea. *See Connolly*, 304 F. App'x. at 419. Petitioner's personal and criminal history, including his treatment for ADHD, was well known at the time he entered his guilty plea. Accordingly, Petitioner has failed to demonstrate that he is entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This Report and Recommendation shall therefore serve as notice that the District Court

may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this Report and Recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated:   February 2, 2012                                       /s/  Joseph G. Scoville
                                                                United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).