UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD LEE NEWHOUSE,

        Petitioner,

                                  File No. 1:12-CV-20

v.

                                  HON. ROBERT HOLMES BELL

CAROL HOWES,

        Respondent.

                               /

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

On February 2, 2012, Magistrate Judge Joseph G. Scoville issued a Report and Recommendation ("R&R") recommending that Petitioner Donald Lee Newhouse's § 2254 petition for writ of habeas corpus be dismissed with prejudice pursuant to Rule 4 of the Rules Governing § 2254 Cases because it plainly appears from the petition and the attached exhibits that the petition is barred by the one-year statute of limitations. (Dkt. No. 2.) After being granted an extension of time to file objections (Dkt. No. 5), Petitioner timely filed objections to the R&R on March 21, 2012. (Dkt. No. 6.) Petitioner has also filed a motion for evidentiary hearing and a motion to appoint counsel. (Dkt. Nos. 7, 8.)

This Court is required to make a *de novo* determination of those portions of the R&R to which objection has been made and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b). Although the Magistrate Judge's R&R is reviewed *de novo*, this Court must review the state court proceedings consistent with the standards set forth in 28 U.S.C. § 2254.

Petitioner's habeas petition challenges the constitutionality of juvenile convictions used to enhance his current sentence. Petitioner's objection is based on his contention that the one-year limitation period should have been measured from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Under this provision, Petitioner contends that the limitations period did not start until January 20, 2010, the date he acquired a copy of his juvenile court docket journal, as well as documentation of his juvenile adjudications, which presented him with the factual predicate for the claims presented in his motion for relief from judgment in state court as well as the claims raised in his federal habeas petition. Petitioner contends that he has diligently pursued this claim, as evidenced by the lapse of only 70 days from the date he acquired a copy of his juvenile record to the date he filed his motion for relief from judgment in the trial court, and the lapse of only 189 days from the date the Michigan Supreme Court rendered its denial of his appeal to the date he filed his habeas petition.

Petitioner's diligence since acquiring his juvenile record does not excuse his lack of diligence prior to obtaining that record. Petitioner has not shown that he could not have obtained his juvenile records and the factual predicate of his claim prior to January 2010 through the exercise of due diligence. Petitioner argues, in the alternative, that if the Court

2

rejects his argument that the one-year limitation period did not start until January 20, 2010, then the Court should equitably toll the limitations period due to his mental and learning disorders, his mental collapse, and his family's efforts in securing counsel on his behalf. Upon review, the Court agrees with the Magistrate Judge's assessment that, even if these circumstances excuse some of the time lapse between Petitioner's conviction in 1997 and his receipt of his juvenile records in January 2010, they do not suggest due diligence in pursuing his rights during at least a six-year period between 2004 and 2010. In light of Petitioner's significant delay in seeking post-conviction relief, the Court does not find that he is entitled to equitable tolling.

There are no issues of fact requiring an evidentiary hearing, and the the assistance of counsel does not appear necessary to the proper presentation of Petitioner's position. No certificate of appealability will be issued because Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Reasonable jurists would not find it debatable whether the petition states a valid claim of the denial of a constitutional right, or whether this Court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the R&R (Dkt. No. 6) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for evidentiary hearing (Dkt. No. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motion to appoint counsel (Dkt. No. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that the February 2, 2012, R&R (Dkt. No. 2) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


Dated: February 12, 2013                             /s/ Robert Holmes Bell
                                                     ROBERT HOLMES BELL
                                                     UNITED STATES DISTRICT JUDGE